PER CURIAM.
This is an appeal from a final judgment foreclosing special assessment liens for waste fees levied by Metropolitan Dade County. The single point presented on appeal is: Does the failure of Dade County to comply with the requirements to create special purpose districts preclude their foreclosure of special assessment liens? The record reveals that this question was determined adversely to the appellant in a prior suit.
During the progress of the present litigation, appellant secured a stay for approximately one and one-half years for the purpose of bringing a suit for declaratory judgment against Dade County to determine the constitutionality of the procedures employed by the county in levying and collecting the waste fees. This suit resulted in a final judgment adverse to the appellant which held:

“Nor does the Court find any merit in the contention that Metro can only assess such charges after the creation of a special taxing district. It is apparent from a reading of the ordinance that Metro, as such, can levy a charge and provide a waste service, or alternatively could have proceeded with the establishment of special taxing districts, if the circumstances warrant it.
“Since the availability of garbage and waste collection and disposal is provided for tenanted and occupied property, as well as for untenanted or unoccupied property, there is no denial of equal protection, and the mechanics of the ordinance satisfy the due process clause of the constitution. In short, the Court funds no constitutional infirmity in the ordinances under consideration, nor in their applicability to the plaintiff. It is therefore, * * *."
* * * * * *
Edmor Properties, Inc. v. Metropolitan Dade County No. 65C 2599 Circuit Court of the Eleventh Judicial Circuit dated Feb. 20, 1971.
This judgment was appealed to this court and affirmed, see Edmor Properties, Inc. v. Metropolitan Dade County, Fla.App.1968, 217 So.2d 622.
We therefore conclude that the trial court correctly determined that the issue was settled under the principles of res ju-dicata. Del Vecchio v. Del Vecchio, Fla.App.1965, 179 So.2d 400; 19 Fla.Jur. Judgments and Decrees § 120 (1958).
Affirmed.